**Clifford Lee GULLETT, Appellant,**

v.

**William ARMONTROUT, Appellee.**

**No. 88–2591.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1989.

Decided Jan. 19, 1990.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before FAGG, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Clifford Lee Gullett, a Missouri state prisoner serving two concurrent fifty-year sentences for rape, appeals from the district court's denial of his habeas corpus petition. Gullett contends that his conviction resulted from an unconstitutional photo display and physical lineup and that the trial court denied him due process by not granting his motion for a continuance to allow him to secure alibi witnesses. We believe that the district court did not abuse its discretion in denying the writ on successive petition and abuse of the writ grounds and therefore affirm.

I. BACKGROUND

On the evening of September 8, 1980, at approximately 9:30 p.m., the victim left a

family reunion by car to return home with her infant son. As she drove along, another car pulled alongside her and forced her off the highway. Two men got out of the car. The larger of the two men ordered the victim out of her car, led her around to the passenger side of her car and raped her. The smaller man then raped her. While the smaller man was on top of her, the victim's baby began to cry and a female voice from the second car shouted: "There's a baby in the car. Let's get out of here." The two men got back in their car and drove away.

After the men left, the victim drove to a relative's home and summoned the police. From the victim's description, the police immediately identified Henry Lee Belk as the larger of the two men but were unable to identify the smaller man. The police then showed the victim five photographs, four black and white mug shots of other suspects and a slightly larger [1] color Polaroid of Gullett. Although the victim picked out Gullett's photograph, she was not "a hundred percent sure without seeing him personally." The victim subsequently viewed a physical lineup and identified Gullett.

The State of Missouri charged Belk and Gullett each with two counts of rape. At trial, prior to the voir dire, Gullett asked for a continuance to enable his wife and sister-in-law (Belk's wife) to travel from Tennessee where they had been visiting their sick mother to testify as alibi witnesses. The trial court denied this motion after telephoning the mother and ascertaining that her condition had improved and that the witnesses were not needed at the hospital.

Gullett testified in his own defense that he was at home in bed at the time the offense occurred. Gullett also testified that Belk and his family arrived at his home at approximately 9:30 p.m. on the night of the offense and then went out to buy some food, returning an hour later. A Missouri police officer testified that he saw Belk at approximately 9:40 p.m. at a local food store. A woman not known to the police officer accompanied Belk, but the officer did not see Gullett.

Gullett was convicted on both counts of rape and is now serving concurrent fifty-year sentences. The Missouri Court of Appeals affirmed the conviction on appeal. *State v. Gullett*, 633 S.W.2d 454 (Mo.Ct. App.1982). Gullett filed a post-conviction motion under Missouri Supreme Court Rule 27.26. During the pendency of this motion, Gullett filed a habeas corpus petition in federal district court. *Gullett v. Wyrick*, No. 82–1235C (E.D.Mo. Mar. 31, 1983). The court denied the petition on the merits and Gullett did not appeal. Gullett's Rule 27.26 motion was subsequently denied, as was his motion to recall mandate filed in the Missouri Court of Appeals.

In August of 1987 Gullett filed the instant habeas corpus petition, his second, asserting fifteen claims. The magistrate, to whom the district court referred the petition, recommended that seven claims be dismissed on successive habeas petition grounds because they were decided adversely to Gullett in the first habeas petition, that four claims be dismissed on abuse of the writ grounds because they were withheld from the first habeas petition and that the remaining four claims be denied on the merits. The district court adopted the magistrate's recommendations in all respects and ordered that the petition be denied in its entirety.

Gullett raises three claims on appeal. The first two are closely related: Gullett contends that an unduly suggestive photo display and physical lineup tainted the victim's identification of him. Gullett also contends that the trial court denied him due process by not granting his motion for a continuance.

## II. DISCUSSION

■ The district court dismissed the photo display and denial of continuance claims on successive petition grounds. The district court reasoned (by adopting the magistrate's report) that Gullett had not met his burden of demonstrating a colorable

---

1. The Polaroid was approximately one and one-half times larger than the other pictures.

claim of factual innocence under the ends of justice test of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Relying on *Kuhlmann v. Wilson*, 477 U.S. 436, 454 & n. 17, 106 S.Ct. 2616, 2627 & n. 17, 91 L.Ed.2d 364 (1986) (plurality opinion), the court found that Gullett had not shown a fair probability that in light of all the evidence, including that alleged to have been illegally admitted or wrongfully excluded, the trier of fact would have entertained reasonable doubt of his guilt.

We review the district court's decision for abuse of discretion, *Williams v. Armontrout*, 855 F.2d 578, 580 (8th Cir.1988), and note as an initial matter that the district court correctly identified that the governing legal standard is the ends of justice test set forth in *Sanders v. United States*, 373 U.S. at 16–17, 83 S.Ct. at 1077–78, and defined in *Kuhlmann v. Wilson*, 477 U.S. at 454 & n. 17, 106 S.Ct. at 2627 & n. 17. *Williams v. Armontrout*, 855 F.2d at 580. *Cf. Williams v. Lockhart*, 862 F.2d 155, 157–59 (8th Cir.1988). Thus, we need only determine whether the district court abused its discretion in applying that test.

Gullett insists that at the time of the offense he was home in bed and that the testimony of the police officer who saw Belk without Gullett just prior to the offense corroborates his alibi. He also contends that the testimony of his wife and sister-in-law would have further corroborated his alibi if the court had granted a continuance to allow the women to attend the trial. Moreover, Gullett asserts that the victim's identification of him was inherently unreliable and constitutionally infirm in that it was the product of an unduly suggestive photo display and physical lineup.

We disagree with Gullett's evaluation of all the evidence. First, the testimony of the police officer proves nothing inasmuch as Gullett does not contest the fact that two men raped her. It demonstrates that the officer only saw one of the offenders. It does not establish that Gullett was not or could not have been the other offender. Second, the testimony of Gullett's wife and sister-in-law (co-defendant Belk's wife) would not necessarily help to establish Gullett's innocence. Gullett asks us to assume that the two wives would testify to his innocence. The assumption is unwarranted considering that the two wives did not show up at the combined trial of Gullett and Belk and that Gullett's trial counsel offered no assurance that the wives would ever appear. Even assuming that their testimony would corroborate Gullett's alibi, the testimony would in all probability not have changed the verdict of the jury given their relationship to Gullett and Belk and their obvious bias.

Finally, we cannot agree that the photo display and physical lineup likely produced an incorrect identification. The photograph of Gullett differs only slightly from the other photographs in the group; Gullett adduces no facts demonstrating the suggestive nature of the lineup and the victim had ample opportunity to observe Gullett during the offense. The district court did not abuse its discretion in concluding that the ends of justice did not require relitigation of Gullett's successive habeas claims.

■ The district court dismissed Gullett's physical lineup claim on abuse of the writ grounds. The court reasoned that Gullett failed to meet his burden of proving that he had not abused the writ inasmuch as he must have known of the existence of this claim at the time of the first petition because he raised it before the state courts. The dismissal of Gullett's claim results not from abuse in the ordinary sense of the word, but from waiver, given the equitable nature of the habeas corpus remedy and Gullett's opportunity to raise the claim in his first habeas petition. *Kuhlmann v. Wilson*, 477 U.S. at 444 n. 6, 106 S.Ct. at 2622 n. 6. Gullett does not argue that the district court incorrectly applied the abuse of the writ concept. Instead, he argues that he raised the physical lineup claim in the first habeas petition and that abuse of the writ is inapplicable. We have reviewed the record and agree with the district court that Gullett did not raise this issue in his first habeas petition. Accordingly, we con-

clude that the district court did not abuse its discretion in dismissing this claim. *Antone v. Dugger*, 465 U.S. 200, 205–06, 104 S.Ct. 962, 964–65, 79 L.Ed.2d 147 (1984) (per curiam).

## III. CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.