**Jackie RICHARDSON, Petitioner,**

v.

**David MILLER, Respondent.**

**No. 88–1136–CV–W–9–JWO–P.**

United States District Court,
W.D. Missouri, W.D.

March 16, 1990.

Kevin R. Locke, Sherman, Wickens, Lysaught & Speck, Kansas City, Mo., for petitioner.

William Webster, Atty. Gen., and Stephen Hawke, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER GRANTING PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

JOHN W. OLIVER, Senior District Judge.

I

This case now pends on petitioner's motion for voluntary dismissal without prejudice filed on his behalf by Kevin Locke, Esquire. Mr. Locke was appointed to represent the petitioner in this case for the reasons stated in detail in *Richardson v. Miller*, 721 F.Supp. 1087 (W.D.Mo.1989).[1] Petitioner's motion, expressly filed pursuant to Rule 41(a)(2), Fed.R.Civ.P., prayed that this Court "enter its Order dismissing [petitioner's] pending petition for Writ of Habeas Corpus without prejudice."[2]

1. The order appointing Mr. Locke was entered after this Court denied the prayer of the respondent's response to an order to show cause that prayed that the pending petition for habeas corpus be dismissed without further judicial proceedings. *See Richardson v. Miller*, 716 F.Supp. 1246 (W.D.Mo.1989).

2. Rule 41(a)(2) provides in its relevant part that voluntary dismissal may be obtained: **"By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action

The suggestions filed in support of petitioner's pending motion incorporated by reference Mr. Locke's March 1, 1990 letter to the Court, copy of which was forwarded to Assistant Attorney General Patrick L. King, who theretofore represented the respondent in all earlier proceedings directed in this case. *See* 716 F.Supp. at 1247 and 721 F.Supp. at 1087. That letter outlined the exemplary manner in which Mr. Locke discharged the duties imposed on him by this Court's order of appointment. That letter also detailed the factual basis upon which Mr. Locke had recommended to the petitioner that he "dismiss his pending petition without prejudice to his refiling the same should different or additional facts come to light in the future."

Neither the pending motion nor Mr. Locke's March 1, 1990 letter indicated whether the respondent intended to file any suggestions in opposition to petitioner's motion. Because a similar motion to voluntarily dismiss a petition for habeas corpus without prejudice that was recently filed in *Carl Frank Oliver v. Jim Jones*, No. 89–0553–CV–W–JWO–P, recited that the respondent had no objection to an order voluntarily dismissing the petition for habeas corpus without prejudice that pended in that case, we directed our law clerk to request Mr. Locke contact counsel for the respondent to ascertain whether the Attorney General wanted to take any different position in regard to the motion filed in this case.[3]

Mr. Locke did contact counsel for the respondent and thereafter advised the Court in a letter dated March 6, 1990 that:

As you requested, on March 5, I spoke with Stephen Hawke at the Missouri Attorney General's Office (who has now taken this matter over from Patrick King) regarding the proposed dismissal of the above habeas action. Stephen informs me that while the State has no objection to the dismissal of Richardson's habeas petition with prejudice, nevertheless the State is opposed to such a dismissal without prejudice. I understand that Stephen will soon file suggestions in opposition to the pending motion reflecting his position in that regard.[4]

Assistant Attorney General Stephen D. Hawke thereafter filed suggestions in opposition to the pending motion on behalf of the respondent. None of the three points relied upon by the respondent in opposition to the petitioner's pending motion are tenable for reasons that will be stated in the next part of this memorandum opinion.

An order will accordingly be entered granting petitioner's pending motion for voluntary dismissal without prejudice.

## II

### A.

The first point relied on by the Attorney General states that the respondent "does not consent to a dismissal without prejudice." And, for reasons that are not apparent, suggests that under Rule 41(a)(1) the "petitioner is not entitled to a voluntary dismissal unless respondent and petitioner so stipulate in writing." Discussion of Rule 41(a)(1) is obviously irrelevant for the reason petitioner's motion shows on its face

---

shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Rule 41(a)(1) sets forth the procedural circumstances under which an action may be voluntarily dismissed without prejudice without an order of court.

**3.** Paragraph 5 of the motion to voluntarily dismiss filed in *Carl Frank Oliver* alleged that "the undersigned contacted Steven [sic] D. Hawke, Assistant Attorney General, on January 31, 1990 and Hawke has no objections to this Motion to Voluntarily Dismiss Petitioner's Habeas Corpus

Petition. Further, Hawke stated that the Attorney General's office would not pursue any action against petitioner based on the petitioner's filing of the habeas corpus petition." Doc. 25 at 2. The respondent did not file any suggestions in opposition to that motion.

**4.** Mr. Locke's March 6, 1990 letter also stated that: "[a]s for the second part of your inquiry, Stephen informs me that, for his part, he has no intention to proceed with any action against Richardson in connection with the filing of this habeas petition, and further does not intend to refer the matter to any authority for potential prosecution."

that it was filed pursuant to Rule 41(a)(2) rather than Rule 41(a)(1). The consent of the respondent is not required under Rule 41(a)(2).

### B.

The second point relied on by the Attorney General contends that "respondent is entitled to a judgment with prejudice due to petitioner's procedural default from his failure to litigate a timely postconviction action in the Missouri state courts." Doc. 22 at 1. That contention simply reiterates the contention made and rejected in *Richardson v. Miller*, 716 F.Supp. 1246 (W.D. Mo.1989).[5] Respondent's second point is untenable for the reasons stated at length in that memorandum opinion, all of which is incorporated by this reference. Further discussion would be redundant.

### C.

Respondent's third point casts in a slightly different form the notion that the State of Missouri may erect procedural road blocks that may be said to preclude a state prisoner from obtaining a full and fair hearing and determination of the merits of his federal postconviction claims in either a state or in a federal court. Respondent prays for an order that "the Court dismiss the petition *with* prejudice." The entry of such an order would effectively deprive the petitioner of his right to file a second petition for federal habeas corpus regardless of the fact that "different or additional facts [should] come to light in the future," as Mr. Locke suggested in his March 1, 1990 letter in support of petitioner's pending motion.

Respondent relies primarily on *Williams v. Lockhart*, 862 F.2d 155 (8th Cir.1988), and *Gullett v. Armontrout*, No. 88–2591, 894 F.2d 308 (8th Cir.1990). Neither case supports respondent's contention. Both those cases presented questions as to how a federal habeas corpus court should consider a second petition for federal habeas corpus that has been actually filed after a first petition for federal habeas corpus has been denied on the merits.

The Attorney General cites both those cases to support the basic argument that "[w]ith a dismissal with prejudice, petitioner would have the opportunity to refile a petition for writ of habeas corpus *if he can persuade the federal court of the significance of his 'different or additional facts.'* "[6] (Emphasis added.) Doc. 22 at 2. Neither *Lockhart* nor *Gullett* come close to supporting the Attorney General's untenable argument that this case should be dismissed with prejudice. Indeed, *Lockhart* actually holds that it would be improper for this Court to enter such an order.

*Lockhart* presented the question of whether the district court properly dismissed a second petition for federal habeas corpus that alleged "nine grounds for relief, only one of which was asserted in the prior petition." 862 F.2d at 156. The court pointed out that the "other eight grounds are 'new,' in the sense that they were not raised in the prior petition." *Id.* The state courts of Arkansas denied the petitioner's attempt to file a second state postconviction motion in which the merits of the "new" grounds for postconviction relief could have been determined on the merits in the courts of that State.

The Court of Appeals affirmed the district court only in regard to its dismissal of the first ground alleged in petitioner's second federal petition. It did so for the reason that "the District found that Williams's first ground for relief had been decided *on the merits in the previous habeas proceeding. Id.* (Emphasis added.) *Lockhart*, however, reversed the district court's

---

**5.** The portion of the respondent's response in which that contention was first made in this case was quoted on page 1247 of 716 F.Supp. and in footnote 1 on that page. Order (1) entered June 30, 1989 stated that "the prayer of the respondent's response that this Court dismiss the pending petition for federal habeas corpus relief without further judicial proceedings should be and the same is hereby denied." *Id.* at 1260.

**6.** The Attorney General also argues that Rule 9(b) of the Rules Governing Habeas Corpus Cases affords some undefined "protection" in regard to the "petitioner's ability to present 'new, different or additional facts' with a second habeas corpus petition." *Id.*

dismissal of the "new" counts alleged in the second petition and remanded the case to the district court for further proceedings.

In affirming the district court's dismissal of the first ground, *Lockhart* concluded that "Rule 9(b) and section 2244(b) effectively codify the criteria established by the Supreme Court in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), for the regulation of successive petitions." 862 F.2d at 157. *Lockhart* then stated the codified guidelines initially stated in *Sanders* and quoted the following passage from that case:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) *the prior determination was on the merits*, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. (Emphasis added.)

*Id.*

*Lockhart* made clear that the *"Sanders* analysis requires that all three of the enumerated factors be satisfied before relitigation of the previously rejected claim may be barred." *Id.* The *Lockhart* court simply concluded in regard to the dismissal of the first ground alleged in a second petition that "the first two *Sanders* conditions are satisfied" for the reason that a "review of the record shows that the first ground in Williams's second petition, ... was previously determined adversely to Williams and *this determination was on the merits."* [7] (Emphasis added.) *Id.*

The transparent objective sought by the Attorney General's effort to have this case dismissed with prejudice reflects an attempt to shift the burden of showing that the processing of a second petition for habeas corpus would *not* be an abuse of the writ of habeas corpus on the petitioner *before* the petitioner would even be permitted to exercise his right to file a second petition for federal habeas corpus relief. *Lockhart* clearly holds that abuse of writ questions simply cannot be considered until *after* a state prisoner actually files a second petition for federal habeas corpus relief.

More important, *Lockhart* appropriately pointed out that all questions concerning the burden of proving an abuse of the writ of habeas corpus is controlled by the principles articulated in *Sanders.* *Lockhart* held that in the event a state prisoner exercises his right to file a second petition the "burden is on the government to allege abuse of the writ. *Sanders*, 373 U.S. at 17, 83 S.Ct. at 1078." 862 F.2d at 159. *Lockhart* then stated that only after "the government has met this initial burden, the petitioner 'has the burden of answering that allegation and of proving that he has not abused the writ.' *Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948)." [8] 862 F.2d at 159.

*Lockhart* reversed the district court's dismissal of the "new" grounds alleged in the petitioner's second petition for habeas corpus for the reason that Rule 9(b) of the Rules Governing Habeas Corpus did not support the dismissal of those "new" grounds under the factual circumstances of that case. In addition, *Lockhart* also made clear that "we need not decide whether a colorable claim of factual innocence is essential to justify consideration of a successive habeas petition raising claims already

---

7. The *Lockhart* court also concluded in regard to *Sanders'* third condition that the district court had properly determined that the "ends of justice" would not be served by relitigating an issue that had been properly decided on the merits in the first habeas corpus proceeding and thus affirmed the district court's dismissal of the first ground for the reason it had properly applied the principles articulated in *Sanders*.

8. *Lockhart* appropriately quoted the following passage from *Sanders*, 373 U.S. at 18, 83 S.Ct. at 1079, in which the Court stated: "The principles governing ... denial of a hearing on a successive application are addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits." *Id.*

rejected on their merits in a prior application." *Id.* at 158.

*Lockhart*'s additional holding clearly reflected an express rejection of the ground that the district court based its dismissal of the "new" grounds alleged in petitioner's second petition for federal habeas corpus.[9]

The principles articulated and applied in *Lockhart* and *Gullett*[10] cannot be said to support the Attorney General's basic contention that this Court should at this time enter an order that would impose substantial procedural limitations on the petitioner's right to file a second petition for federal habeas corpus. The entry of such an order could be said to present a constitutional question under Art. 1, § 9, cl. 2 of the Constitution of the United States that should be avoided.[11]

In tracing the history of federal habeas corpus, *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), appropriately noted that "at the time that the Suspension Clause was written into our Federal Constitution and the first Judiciary Act was passed conferring habeas corpus jurisdiction upon the federal judiciary, there was respectable common-law authority for the proposition that habeas was available to remedy any kind of governmental restraint contrary to fundamental law." *Id.* at 405, 83 S.Ct. at 830. That case also stated that the "root principle [of the Great Writ] is that in a civilized society, government must always be accountable to the judiciary for a man's imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." *Id.* at 402, 83 S.Ct. at 829.

The question of whether this Court should exercise the habeas jurisdiction conferred on it by 28 U.S.C. § 2254(a) in the event the petitioner exercises his right to file a second petition for federal habeas corpus may only be decided after a second petition is filed. Entry of an order dismissing petitioner's pending petition with prejudice, as prayed by the respondent, would place substantial procedural limitations on the petitioner's right to file a second petition. As we have stated, the entry of such an order could be said to constitute a violation of the Suspension Clause of the Constitution of the United States. This Court will accordingly grant petitioner's pending motion to voluntarily dismiss without prejudice and without the imposition of any terms or conditions.

For the reasons stated, it is

ORDERED (1) that petitioner's pending motion for voluntary dismissal without prejudice should be and the same is hereby granted. This case is therefore dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure without any term or condition that might be authorized by that rule. It is further

ORDERED (2) that Kevin Locke, Esquire, petitioner's appointed counsel should file an appropriate application for attor-

---

**9.** *Lockhart* expressly noted that the district court had dismissed petitioner's second petition in its entirety in purported reliance "on the 'ends of justice' analysis developed in *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (plurality), [by making a finding] that Williams had not asserted a colorable claim of factual innocence.…" The Attorney General in this case somewhat vaguely suggests that "the issue of whether a prisoner demonstrates a colorable showing of factual innocence should be relevant to all federal habeas corpus petitions." No such issue is presented by petitioner's pending motion to voluntarily dismiss without prejudice.

**10.** *Gullett* requires no detailed discussion for the reason the Court of Appeals made clear that petitioner's first petition for federal habeas corpus in that case had been denied "on the merits and Gullett did not appeal." 894 F.2d at 309. Gullett's second petition alleged fifteen claims. The magistrate recommended that "seven claims be dismissed on successive habeas petition grounds because they were decided adversely to Gullett in the first habeas petition, that four claims be dismissed on abuse of the writ grounds because they were withheld from the first habeas petition and that the remaining four claims be denied on the merits." *Id.* The Court of Appeals simply held that the district court did not abuse its discretion in accepting the magistrate's recommendation.

**11.** Art. 1, § 9, cl. 2 of the Constitution of the United States provides that "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

ney's fees as provided in this Court's order of September 13, 1990. *See* 721 F.Supp. at 1098.