**Robert Nathaniel OLDS, Appellant,**

v.

**Bill ARMONTROUT, Warden, Appellee.**

**No. 89–1539EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1990.

Decided Nov. 27, 1990.

See also, 603 S.W.2d 501; 655 S.W.2d 818.

Randy M. Smith, St. Louis, Mo., for appellant.

Stephen D. Hawke and M. Melissa Manda, Jefferson City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and ROY,* Senior District Judge.

FAGG, Circuit Judge.

Robert Nathaniel Olds appeals the district court's dismissal of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). We affirm.

This is Olds's second habeas petition challenging his convictions for first-degree murder, statutory rape, attempted statutory rape, and kidnapping. Olds was sentenced to imprisonment for life plus seventy years for these crimes. In state court, Olds directly appealed his conviction, *see State v. Olds*, 603 S.W.2d 501 (Mo.1980) (en

---

* The HONORABLE ELSIJANE TRIMBLE ROY, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

banc), and sought postconviction relief, *see Olds v. State*, 655 S.W.2d 818 (Mo.Ct.App. 1983). Olds then filed a pro se petition for a writ of habeas corpus in federal district court. The district court denied Olds's petition on its merits, and Olds did not appeal. Later, Olds filed a second habeas petition, which is the subject of this action. The district court dismissed Olds's second petition because it was successive (five of the grounds for relief had been asserted in the first petition) and it abused the writ (the four remaining grounds were available but not asserted in the first petition).

 A district court can dismiss as successive a habeas petition asserting identical grounds for relief raised and decided adversely on the merits in an earlier petition. *See Sanders v. United States*, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963). Nevertheless, grounds previously rejected on the merits can be reconsidered if the petitioner shows "the ends of justice would be served." *Id.* at 16, 83 S.Ct. at 1078. We review for abuse of discretion a district court's dismissal of a successive habeas petition. *Gullett v. Armontrout*, 894 F.2d 308, 310 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 2213, 109 L.Ed.2d 539 (1990).

 A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition. *See Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (plurality). After the government raises the issue, the petitioner has the burden to establish the petition does not abuse the writ. *Williams v. Lockhart*, 862 F.2d 155, 159 (8th Cir. 1988). A petitioner who raises grounds deliberately omitted from an earlier petition abuses the writ. *Smith v. Armontrout*, 888 F.2d 530, 541 (8th Cir. 1989).

 Olds asserts the grounds raised in his second petition are different than the grounds raised in his first petition. We agree with the district court that Olds's first petition raised five of the grounds he presently asserts, namely, those related to arrest, search and seizure, suppression of statements to police, and ineffective assistance of counsel. Although the grounds are couched in different language, they are identical. *See Sanders*, 373 U.S. at 16, 83 S.Ct. at 1077. Additionally, Olds has failed to carry his burden to show any new facts or legal developments warranting a redetermination of these grounds. *See Lockhart*, 862 F.2d at 158–59. Because Olds has failed to show a reconsideration of the repetitive grounds would serve the ends of justice, we conclude the district court did not abuse its discretion in dismissing as successive the portion of the petition containing these grounds.

 Olds argues we should excuse his failure to assert in his first habeas petition the four remaining grounds because he was unaware of them. We reject this argument. Olds asserted the four remaining grounds for relief in his direct appeal to the Missouri Supreme Court. *See* 603 S.W.2d at 503. Then, acting pro se, Olds deliberately withheld these grounds from his first petition. *See Gullett*, 894 F.2d at 310; *Smith*, 888 F.2d at 540. Having "presented each of these [grounds] to the state courts before the first petition for habeas was filed ..., [Olds] hardly can contend that these claims were unknown to him at that time." *Antone v. Dugger*, 465 U.S. 200, 206, 104 S.Ct. 962, 965, 79 L.Ed.2d 147 (1984) (per curiam) (footnote omitted). Because Olds has failed to establish he did not abuse the writ by asserting in his second petition grounds that were available but not asserted in his first, we conclude the district court properly dismissed as abusive the balance of the petition.

Having considered all of Olds's claims, we affirm the district court's dismissal of Olds's petition.