Cary Nelson **REHBEIN**, Petitioner,

v.

John **DAHM** and Harold **Clarke**, Respondents.

No. 4:CV92–3159.

United States District Court, D. Nebraska.

May 16, 1994.

See also, 235 Neb. 536, 455 N.W.2d 821; 836 F.Supp. 677; 7 F.3d 1042.

Cary Nelson Rehbein, pro se.

Stephen L. Speicher, Lincoln, NE, James G. Egley, Moyer, Moyer Law Firm, Madison, NE, Glen A. Murray, Grand Island, NE, Lance J. Johnson, Germer, Murray Law Firm, Hebron, NE, Gary L. Erlewine, Columbus, NE, for petitioner.

Mark D. Starr, Lincoln, NE, J. Kirk Brown, Lincoln, NE, for respondents.

Donald B. Stenberg, Atty. Gen., Lincoln, NE, for interested party.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court on the Magistrate Judge's Report and Recommendation (filing 60), and the objections to such Report and Recommendation filed as allowed by 28 U.S.C. § 636(b)(1)(C) and NELR 72.4.

I have conducted, pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4, a de novo review of the portions of the Report and Recommendation to which objections have been made. I find that the Report and Recommendation should be adopted. As Judge Piester has stated, seven of Petitioner's claims ("unlawfully induced" guilty plea; incompetence of Petitioner to enter plea; plea was not knowingly, voluntarily and intelligently given; ineffective assistance of trial counsel; denial of right to appeal because of improper advice of counsel and because of medical problems; and the failure of the prosecution to disclose favorable evidence) should be dismissed as an abuse of the writ. *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Shaw v. Delo,* 971 F.2d 181 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993).

Also, as found by Judge Piester, Petitioner's remaining claim, part of his allegation that his right to appeal was denied (referred to as "claim 5b") is not barred by the successive petition or abuse of the writ doctrines. While Respondents argue that Petitioner's prior dismissal with prejudice of this claim in a previous habeas action should constitute a decision on the merits preventing this claim from being raised again, the case law is to the contrary. *See Johnson v. Lumpkin,* 769 F.2d 630 (9th Cir.1985) and *Wilwording v. Swenson,* 502 F.2d 844, 849 (8th Cir.1974),

*cert. denied,* 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975).

In addition, Petitioner's "objection" to the denial of his motion for expanded record or evidentiary hearing, construed as an appeal of the Magistrate Judge's order, is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (filing 60) is adopted;

2. the Respondents' objection (filing 61) is denied;

3. the Petitioner's objection (filing 62) is denied; and

4. Petitioner's "objection" to the denial of his motion for expanded record or evidentiary hearing, construed as an appeal of the Magistrate Judge's order, is denied.

## REPORT, ORDER AND RECOMMENDATION

Pending before the court is the amended petition for writ of habeas corpus filed by Cary Nelson Rehbein. Respondents allege that his claims constitute an abuse of the writ. By order of the court (filing 55) the parties have briefed the abuse of the writ issue. For reasons discussed more fully below, I shall recommend claims 1, 2, 3, 4, 5(a), 5(c) and 6 be dismissed as an abuse of the writ. Further, I shall deny the parties' motions for evidentiary hearings on the abuse of the writ issue.

## BACKGROUND

Petitioner pleaded guilty to one count of felony murder and was sentenced to life imprisonment. He did not appeal the conviction or sentence. Petitioner filed a motion for postconviction relief in state court; the motion was denied. He appealed the denial, and the Nebraska Supreme Court affirmed the district court's decision. *State v. Rehbein,* 235 Neb. 536, 455 N.W.2d 821 (1990) (*Rehbein I* ).

Petitioner filed his first federal habeas petition in 1988. *Rehbein v. Gunter,* CV88–L–550 (*Rehbein II* ). The petition was dismissed, without prejudice, to allow petition to exhaust available state remedies. The first

habeas petition has no bearing on the analysis in the case at bar. He filed his second habeas petition in 1990. *Rehbein v. Dahm,* CV90–L–259 (*Rehbein III* ). In that action petitioner raised the following claims:

1. Ineffective assistance of trial counsel for failure to advise and pursue the insanity defense.

2. Denial of right to direct appeal of petitioner's conviction and sentence due to his isolation at the Diagnostic and Evaluation Center for 91 days following his conviction and sentencing.

3. Denial of evidentiary hearing in state court.

In *Rehbein III* petitioner moved for an evidentiary hearing, and the motion was granted. However, prior to the hearing, petitioner joined with the respondent in a motion to dismiss the action with prejudice. (See *Rehbein III,* filing 28). Attached to that motion is a handwritten letter from petitioner which states:

> I am instructing my Attorney Mr. Dana V. Baker to discontinue this Legal Action in regards to CV90L–259 Cary N. Rehbein -v- John Dahm et al:
>
> I understand that dismissal mean's [sic] I can never bring up this case again.
>
> /s/ Cary N. Rehbein # 35084

1. Summarizing the facts supporting this claim, the amended petition states,

> Appointed defense counsel focused on my mental illness and so far as I could tell gave little if any attention to finding out how hard it would be for the State to prove its case against me. From my point of view, his inattention to preparing my case left me with only two choices: remain confined under the conditions referred to in 14 a. above or plead guilty to felony murder in order to escape those conditions.

Filing 44 at 5. This claim is different than the claim raised in the second habeas petition in which he alleged his attorney failed to pursue the insanity defense. In the present claim he alleges just the opposite: that the attorney focused too much on the mental illness. Should any doubt remain that the claims are different, the final sentence of the fact summary was crossed out prior to the filing of the amended petition (as were sentences in other parts of the pleading). The final sentence states, "Appointed counsel failed to properly advise me as to the insanity defense." *Id.* Thus, it is clear that the claim in

*Id.,* ex. 1. The joint motion was granted and the action was dismissed with prejudice. (*Id.,* filing 29).

In the pending action (*Rehbein IV* ) petitioner raises six grounds for relief.

1. Guilty plea was "unlawfully induced."

2. Petitioner was incompetent to enter plea.

3. Plea was not given knowingly, voluntarily and intelligently.

4. Ineffective assistance of trial counsel.[1]

5. Denial of right to appeal.[2]

6. Prosecution failed to disclose favorable evidence.

Reviewing the claims it is clear that only claim 5(b) was raised in *Rehbein II.* All other claims are raised for the first time in this action.

## SUCCESSIVE PETITIONS AND ABUSE OF THE WRIT

The resolution of this action requires interpretation of 28 U.S.C. § 2244 and Rule 9(b) of the Rules Governing Habeas Corpus Cases under Section 2254. As a general matter,

> Repetitive claims that have been "raised and decided adversely on the merits in an earlier petition" are successive. *Olds v. Armontrout,* 919 F.2d 1331, 1332 (8th Cir. 1990), *cert. denied,* [500 U.S. 908, 111 S.Ct.

this action is different than that raised in the second habeas action.

2. Summarizing the facts supporting this claim, the amended petition states,

> (1) Defense counsel did not tell me that I had only so many days for direct appeal; instead, he did say that I could not file since I plead guilty.
> (2) I believe I was held in H–9 for 32 days in H–10 for 9 days and in H–11 for 50 days for problems in withdrawal and re-establishing my medical level.
> (3) I also believe that during the time allowed for direct appeal I was having black-outs.

Filing 44 at 6. For the sake of clarity I shall refer to these claims as 5(a), 5(b) and 5(c) respectively.

In *Rehbein II* petitioner raised a claim alleging denial of his right to direct appeal. Summarizing the facts of that claim he alleged that he had been kept in an isolation cell for 91 days after his conviction. Such a claim is the same as that raised in 5(b), but different than in 5(a) and 5(b).

1692, 114 L.Ed.2d 86 (1991) ]; *see also Sanders v. United States,* 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–1078, 10 L.Ed.2d 148 (1963). New claims that were not raised in an earlier petition are potentially abusive. *McCleskey v. Zant,* [499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) ]; *Olds,* 919 F.2d at 1332.

*Shaw v. Delo,* 971 F.2d 181, 184 (8th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993).

■ Rule 9(b) and section 2244 delineate the extent that the concepts underlying collateral estoppel and res judicata are applicable to a habeas action. Rule 9(b) synthesizes the differing rules governing of successive petitions and abuse of the writ:

> **(b) Successive petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The rule allows for dismissal of a claim as successive only if it was raised in a previous action and was decided "on the merits." However, the rule is different with regard to claims not raised in a previous petition; no requirement of "on the merits" is included in the abuse of the writ analysis.

### 1. Successive Petition

■ As discussed earlier one claim, 5(b) was raised in the prior action. Only this claim is implicated in the "successive petition" analysis; all others involve the abuse of the writ analysis. While claim 5(b) was raised in the prior petition it was dismissed pursuant to a motion in which the petitioner joined; the court did not order it dismissed based on a deficiency of its merits. Both parties recognize that in *Johnson v. Lumpkin,* 769 F.2d 630, 637 (9th Cir.1985) the Ninth Circuit Court of Appeals determined that a petitioner is not barred from bringing a successive claim even though he had voluntarily dismissed a prior habeas action with prejudice: "the dismissal of petitioner's habeas corpus petition with prejudice at his

request did not constitute a decision 'on the merits' for purposes of 2244(b) or *Sanders.*" *Id.*

In *Lumpkin* the petitioner raised identical claims in two petitions. On the petitioner's motion the court dismissed the first action with prejudice. The Court of Appeals determined that the claims in the second action must be considered. *Id.* Respondent does not voice any serious challenge to the efficacy of this holding with respect to claim 5(b). Although *Lumpkin* was decided prior to *McCleskey* its holding was not affected by the Supreme Court's decision. *McCleskey* did not consider the successive petition issue, and it did not define "abuse of the writ" to include a situation such as that involved in *Lumpkin* or with claim 5(b). I agree with the holding of *Lumpkin,* and I find its conclusion to be compelling, even taking *McCleskey* into consideration. I conclude that the successive petition or abuse of the writ doctrines do not bar petitioner from raising claim 5(b) in this action.

### 2. Abuse of the Writ

■ Petitioner alleges that the same rationale employed in *Sanders* and *Lumpkin* should be utilized in the abuse of the writ analysis. He recognizes that abusive claims are generally governed by *McCleskey,* but he argues that *McCleskey* presupposes that the previous action was decided "on the merits" in the previous action. The argument continues that where, as here, the action was decided other than on the merits, the *Sanders* analysis should be used. I disagree with this reasoning. By definition a successive claim was raised in the previous action, providing the court the opportunity to consider it. An abusive claim was not raised in the previous action, affording the court no such opportunity. Because the abusive *claim* could not be considered, petitioner suggests that no preclusive effect should result unless the entire previous *action* was decided on the merits.

■ The rules governing section 2254 actions do not lead to the conclusion petitioner suggests. The abuse of the writ analysis simply does not contain the "on the merits" requirement applied to successive petitions. Further, nothing in the successive petition

analysis requires that the entire prior *action* be determined on the merits. The successive petition analysis may employ an "on the merits" requirement because it is possible to examine a prior action and track the identical claim in both actions. That process may not be completed in an abuse of the writ analysis because the claim is not present in the prior action. The claims could not be decided on the merits, not because the action was dismissed, but because they were not brought at all in the petition.

The prior action in this instance was dismissed *with prejudice;* petitioner personally acknowledged that the dismissal would result in his being unable to bring a second habeas action. Petitioner suggests that an evidentiary hearing is necessary to determine whether the dismissal of the previous action was knowing and voluntary, citing *Potts v. Zant,* 638 F.2d 727 (5th Cir.1981), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981). In *Potts* the petitioner voluntarily dismissed his first habeas petition. He brought a second action which was "essentially identical" to the previous action. *Id.* at 734. The district court accepted argument from counsel but refused to accept testimony from the petitioner as to why the previous action had been dismissed.[3] Although the claims raised in both petitions were the same, the district court dismissed the action as an abuse of the writ. *Id.* at 736.

The Court of Appeals remanded the case to the district for an evidentiary hearing to determine the reasons the prior action had been dismissed. The court explicitly stated that Rule 9(b) did not apply to the action because no new claims were raised and the claims raised in both were not adjudicated "on the merits." *Id.* at 739. In this sense the court was making a crucial distinction between successive petitions, in which *Sanders* applies, and to abuse of the writ, to which *McCleskey* applies. Continuing, the court determined that under this type of circumstance the rationale of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) re-

quired that the court determine that the petitioner had deliberately bypassed the prior habeas action prior to determining that an abuse of the writ had taken place. *Id.* at 743. The court determined that the district court must provide the petitioner an opportunity to explain the reasons for the dismissal to determine whether an abuse of the writ had taken place.

*McCleskey* made clear that the court must apply a "cause and prejudice" analysis in abuse of the writ cases rather than the deliberate bypass standard. Thus, the standard for determining whether an abuse of the writ has taken place differs from that discussed in *Potts.* Further, the procedural stance of the present case and *Potts* requires a different analysis. In *Potts* the petitioner raised identical claims in both actions. For that reason it was important to inquire as to why the dismissal had taken place. In the present case, petitioner raised a completely different set of claims in the two actions. As such, it makes no difference why petitioner chose to dismiss that action; had he not dismissed it, the abusive claims he has raised in this action would not have been considered by the court in the prior action. In *Potts* the court was deprived of the opportunity to consider the claims in the first action because of the dismissal; thus, the court needed to inquire into the reasons for the dismissal. However, in the present action, the court was deprived of the opportunity to review the claims because petitioner failed to raise them at all; the dismissal did not affect the court's opportunity to review the claims: petitioner's failure to raise them in *Rehbein III* did so.

*McCleskey* requires that petitioner be granted the opportunity to explain the reasons for his failure to raise the claims; however, an evidentiary hearing is not necessarily required. *Shaw v. Delo,* 971 F.2d at 185, citing *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. Briefing the abuse of the writ issue, petitioner alleged that *McCleskey* did not apply to this case and did not argue cause and prejudice. However, the amended petition does include certain statements which

---

**3.** On appeal the petitioner alleged he had dismissed the prior action because of the fear of retaliation from prison staff and that he wished to be executed rather than remain in conditions which he believed were cruel and unusual. *Potts,* 638 F.2d at 735.

may constitute an attempt to demonstrate cause and prejudice. Petitioner states that certain evidence regarding his mental condition was unavailable to him until he became involved in a civil action; that evidence allegedly would have strengthened his arguments in *Rehbein III*. He argues that had he been aware of the evidence he would not have moved to dismiss the action. Further, he alleges that he does not recall whether his attorney in *Rehbein III* told him the difference between a dismissal with prejudice and a dismissal without prejudice.

 Once again, petitioner's arguments focus on his reasons for dismissing the prior habeas action. This focus is misplaced. The relevant question is not why petitioner dismissed the action but why he failed to raise the claims in that action in the first place. Petitioner does not dispute that the substance of the claims was available to the filing of *Rehbein III*. Indeed, the majority of the claims involved events with which petitioner would have had personal knowledge at the time they took place.[4] All of the claims could have been raised in *Rehbein III*. He makes no explanation why he did not raise the claims in that action. Even if the court were to apply his argument regarding the lack of evidence to the failure to raise the claims in the prior action he would be unable to demonstrate that the claims should be considered. The discovery of "new" evidence which strengthens a claim does not constitute cause to consider a claim not raised in a prior habeas action. *Shaw v. Delo*, 971 F.2d at 185.

Petitioner has failed to allege any facts which would constitute cause for the abuse of the writ. As a matter of law he is unable to overcome that bar. Therefore, no evidentiary hearing is required. *McCleskey*, 499 U.S. at 494, 111 S.Ct. at 1470; *Shaw v. Delo*, 971 F.2d at 185. Claims 1, 2, 3, 4, 5(a), 5(c) and 6 should be dismissed as an abuse of the writ. I shall so recommend.

 Further, petitioner has filed a motion for an expanded record or an evidentiary hearing (filing 57) which, in part, concerns

these claims. Because he has alleged no facts which allows the court to avoid the abuse of the writ, the merits of the claims may not be considered. To the extent filing 57 concerns these claims I shall deny the motion. Respondent has filed a "conditional" motion for an expansion of the record and evidentiary hearing. (Filing 56). The motion states that if the current record is insufficient to allow the court to determine that the claims are abusive respondent wishes to produce evidence about petitioner's dismissal in *Rehbein III*. As previously discussed, the reasons for the prior dismissal are irrelevant to the inquiry into both the abusive and successive claims. Therefore, I shall deny respondent's motion.

**IT IS ORDERED:**

1. Respondent's motion for an expanded record or evidentiary hearing (filing 56) is denied.

2. Petitioner's motion for an expanded record or evidentiary hearing (filing 57) is denied is denied insofar as it concerns claims 1, 2, 3, 4, 5(a), 5(c) and 6. Consideration of the motion as it pertains to claim 5(b) is deferred until the parties have submitted further briefs as directed by the court.

**FURTHER, IT THEREFORE HEREBY IS RECOMMENDED** to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), that claims 1, 2, 3, 4, 5(a), 5(c) and 6 be dismissed as an abuse of the writ.

The parties are notified that unless objection is made within ten days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

Dated March 31, 1994.

BY THE COURT

/s/ David L. Piester
United States Magistrate Judge

---

4. For instance, petitioner would have known of the conditions of his confinement and the fact that he was taking the medication at the time he pleaded guilty, years before he filed *Rehbein III*.