Melvin Leroy TYLER, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 89–2345.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1990.

Decided Oct. 31, 1990.

**1139**

Suzanne Philbrick, Oak Lawn, Ill., for appellant.

Ronald L. Jurgeson, Jefferson City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and ROY,* Senior District Judge.

ROY, Senior District Judge.

Melvin Leroy Tyler appeals from the district court's[1] denial of his petition for a writ of habeas corpus and the district court's order denying Mr. Tyler's Rule 60(b) motion to vacate the judgment. We affirm the district court's rulings.

## I. BACKGROUND

On August 4, 1978, Melvin Leroy Tyler was convicted in the State of Missouri of two counts of robbery and two counts of assault. The facts surrounding Tyler's crimes were set out as follows in the petitioner's direct-appeal opinion.

Evidence supporting the verdicts showed that on the morning of December 27, 1976, defendant entered the home of Ralph and Mary Petersen and their daughter Christine. Prior to his entry he had approached Christine's friend, Laura Harmon, while she was sitting in the Petersen yard and had asked Laura if the neighbors were home. At this time Laura's sister, Angie Harmon, was tapping at Christine's bedroom window to get her attention. Laura and Angie Harmon entered the Petersen home and went to Christine's bedroom where they saw defendant walk by the window. A few minutes later as Mrs. Petersen was passing the bathroom door defendant put a gun to her side and ordered her into the

bedroom where her husband was sleeping. Defendant stated, "I want the two little girls that came into this house. They stole something out of my car." Mr. Petersen told defendant that the girls had spent the night there and could not have stolen anything. He struck Mr. Petersen, obtained a knife from the kitchen, cut the telephone line, and ordered Mr. and Mrs. Petersen into a closet. Defendant forced Christine and Laura into Christine's bedroom and ordered them to remove their clothes. Christine hesitated and defendant hit her on the head with the butt of the knife. When Laura began screaming he hit her on the head with the butt of the gun. Eventually both girls removed their clothes. Defendant advanced toward them unzipping his pants. Angie was hiding under the bed while defendant was in Christine's bedroom. Meanwhile, Mr. and Mrs. Petersen had pushed open the closed door. They saw Laura and Christine in the hallway naked, and Laura was covered with blood. Defendant left Christine and Laura in the bedroom and walked out to confront Mr. and Mrs. Petersen and asked for money. Mr. Petersen gave him $100. There was testimony that Mrs. Petersen's wallet containing her credit cards was missing from her purse in the living room after defendant left. Defendant was arrested the next day, December 28, in Kansas City, Missouri. He had in his possession a .25 caliber pistol and a wallet containing the Petersen's credit cards.

*State v. Tyler*, 622 S.W.2d 379 (Mo.App., E.D.1981).

Tyler was sentenced to terms of fifty years imprisonment on each count of robbery and five years imprisonment on each count of assault, all sentences to be served consecutively.

On July 19, 1988, Tyler filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri.

---

* The HONORABLE ELSIJANE T. ROY, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable William L. Hungate, United States District Court for the Eastern District of Missouri.

The case was referred to United States Magistrate Carol E. Jackson who filed a Magistrate's report and recommendation, recommending that Tyler's petition for a writ of habeas corpus be denied. On July 12, 1989, the district judge overruled Tyler's exceptions to the Magistrate's Report and Recommendation and adopted the recommendation. Mr. Tyler filed a Notice of Appeal on July 18, 1989, including the order denying the habeas petition on July 12, 1989, and on August 10, 1989, filed a Notice of Appeal from the denial of the Rule 60(b) motion.

Tyler raises the following issues on appeal: (1) Whether the district court committed reversible error when it denied the relief sought in paragraph 1 of Tyler's petition for habeas relief, to wit: that he was denied due process by the filing of a false addendum transcript in the Missouri Court of Appeals; (2) Mr. Tyler maintains that during his Missouri trial, his witnesses, Greg Dorsey and Donald Winters were terrorized during the trial and threatened by the police or the investigator for the prosecutor, therefore he was denied due process; and (3) Tyler was denied due process when he was convicted on two assault counts where there was insufficient evidence to prove him guilty beyond a reasonable doubt.

### I. *Filing of Addendum Transcript.*

■ Tyler previously filed a petition for federal habeas relief on February 22, 1982, Case No. 82–246C(3). Tyler acknowledges that in that previous petition, he raised, *inter alia*, the issues of (1) the addendum transcript, which he alleged was false, and (2) the intimidation and terrorizing of his witnesses Greg Dorsey and Donald Winters.

In his original and amended petitions filed on July 19, 1988 and August 31, 1988, which are the subject of this appeal, Tyler's first and second claims are that (1) he was denied due process by the trial court's filing of a false addendum transcript with the Missouri Court of Appeals without a hearing or opportunity to be heard; and (2) that there was prosecutorial misconduct in "ter-

rorizing" and "threatening" petitioner's trial witnesses. The district court refused to entertain either grounds as constituting abuse of the writ.

In an order entered on March 27, 1989, Magistrate Jackson stated that on January 19, 1983, the Court ordered Tyler to delete two unexhausted grounds or risk dismissal of the petition under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1981). In the same order, the Magistrate stated:

> Petitioner chose to delete the two grounds in which he had alleged that the state judge in the criminal case falsified a transcript to the Missouri Court of Appeals and that the Missouri Court of Appeals denied petitioner a fair hearing because it ignored the issue of the false transcript. After considering the merits of Tyler's remaining grounds, the Court ruled on March 26, 1984 that the petitioner was not entitled to relief. Upon appeal, the Eighth Circuit affirmed. *Tyler v. Wyrick,* 760 F.2d 272 (8th Cir.1985) (without reported opinion).

Tyler contends that it was his understanding at all times that he would be able to delete the "unexhausted" claims alleged in the previous petition, take the steps necessary to exhaust the state remedies, and present them in a subsequent petition for habeas relief. He contends that he was intentionally misled by the attorney general's office, and that they should be estopped from claiming an abuse of the writ. He further contends that the issue raised in the previous petition should have been treated as an exhausted claim, since it was futile to present it to state court. Alternatively, Tyler contends that he made a "colorable showing of factual innocence," that Greg Dorsey admitted he committed the crime, that Tyler was not afforded the opportunity to present Dorsey or develop his testimony. Finally, Tyler asserts that he was at the very least entitled to an evidentiary hearing.

The Court finds Tyler's arguments to be without merit. In the Magistrate's recommendation, the Magistrate fully and accurately set out the applicable legal stan-

dards to be used by the Court in determining an abuse of the writ, citing 28 U.S.C. § 2244(b), 28 U.S.C. § 2254, and Rule 9(b).[2] In *Williams v. Lockhart*, 862 F.2d 155, 159 (8th Cir.1988), this Court stated that these rules allow the district court to dismiss a subsequent petition as an abuse of the writ if the district court is satisfied that the petitioner deliberately withheld the claims presented in the second petition from the original habeas corpus petition.

In *Smith v. Armontrout*, 888 F.2d 530 (8th Cir.1989), *stay denied,* —— U.S. ——, 110 S.Ct. 830, 107 L.Ed.2d 826 (1990), this Court summarized the abuse-of-the-writ doctrine as follows:

An attempt to raise claims omitted from a previous petition should be rejected as an abuse of the writ if (1) the previous omission was the deliberate choice of the petitioner, *or* (2) the previous omission is not excusable under the cause-prejudice-innocence approach of *Wainwright* and *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397. (Fed.Cir. 1986)

*Id.*, 888 F.2d at 541.

The facts support the Court's conclusion that Tyler deliberately withheld the claims presented in the second petition from the original habeas corpus petition. Tyler presented the two claims in his petition filed in 1982. He was on notice that under the authority of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), "a prisoner who decided to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dis-

missal of subsequent federal petitions." *Id.*, 455 U.S. at 521, 102 S.Ct. at 1205. This very quotation can be found in appellee's Response to Order to Show Cause, which was attached as an exhibit to Tyler's Opposition to the State's Response to the Order to Show Cause Why the Writ of Habeas Corpus Should Not Issue. This dispels Tyler's argument that he was misled by the Attorney General's office. It is clear that the choice to proceed with only the exhausted claims was Tyler's deliberate choice.

Tyler also argues that he should not have been required to delete the issue raised in his original petition because the act of presenting it to the Missouri appellate court, by way of motion to recall the mandate,[3] was a futile effort. The Court agrees with the district court's findings that under the exhaustion doctrine, the federal court is not concerned with whether a petitioner does in fact receive the relief sought under the available state procedure. Instead, the pertinent issue is the availability of a procedure by which the state courts can consider a petitioner's constitutional claims. *See, Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir.1984).

Tyler alternatively argues that he made a "colorable showing of factual innocence," and that the ends of justice require the Court to consider the merits of his first claim.

The district court stated that under Eighth Circuit precedent it is questionable whether a "colorable showing of factual

---

**2.** 28 U.S.C. § 2244(b) provides in part that:

a subsequent application for a writ of habeas corpus ... need not be entertained by a court of the United States ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court ... is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

28 U.S.C. § 2254(b) provides:

an application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circum-

stances rendering such process ineffective to protect the rights of the prisoner.

Rule 9(b) of the Rules Governing Section 2254 cases in the United States District Courts provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

**3.** This procedure was suggested by the appellee in his Response to Order to Show Cause filed in No. 82–0246C(4).

innocence" may be considered in determining whether a petitioner has abused the writ. Nevertheless, the district court examined the record and concluded that petitioner failed to make such showing.

In *Williams*, the court stated that the "colorable showing of factual innocence" test is confined to successive petitions and "should not enter into a district court's determination of whether a new application raising grounds for relief not raised and rejected on the merits on a prior petition constitutes an abuse of the writ." *Id.*, 862 F.2d at 160, n. 10. This Court elaborated further in *Smith* by stating that in instances *not involving a deliberate withholding*, a habeas court should not:

> entertain a claim not properly preserved in the state courts unless (1) the petitioner can show "cause" sufficient to excuse the procedural default and "prejudice" resulting from it, or (2) the "constitutional violation [claimed] has probably resulted in the conviction of one who is actually innocent ..." (citation omitted.)

*Smith*, 888 F.2d at 541.

This Court has already held that Tyler deliberately withheld the claims presented in the second petition from the original habeas corpus petition. Based upon our holding in *Smith*, this in and of itself is sufficient cause to find an abuse of the writ, and the Court need not address the district court's further finding on this issue.

## II. *Claim that Appellant's Witnesses Were Terrorized.*

In his second claim in his habeas petition, Tyler claimed that he was denied due process when his witnesses, Greg Dorsey and Donald Winters, were terrorized and threatened by the police or the investigator for the prosecutor. Tyler concedes that both the affidavits of Mr. Dorsey and Mr. Winters were filed in the original habeas petition, No. 82–246C(3). Tyler argues that he deleted these issues with the understanding that he could file a petition to recall the mandate and then address these issues in a later petition. For the same reasons given when discussing the abuse of

the writ on the first claim, the Court finds the district court was correct in concluding that Tyler's second claim constituted an abuse of the writ. Tyler obviously knew of the facts he alleges in support of ground two at the time he filed his earlier petition. Thus, he cannot claim that he was unaware of the facts supporting his claim when his earlier petition was filed.

■ As an alternative argument to both of the above issues, Tyler claims that he should have been allowed an evidentiary hearing. Although the petitioner has the burden of answering the allegation that he has abused the writ, *Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948); *Williams*, 862 F.2d at 159, he need not necessarily be accorded an evidentiary hearing. *Messimer v. Lockhart*, 822 F.2d 43, 44 (8th Cir.1987) (per curiam). It is clear that the Magistrate carefully reviewed the evidence that was presented at state trial. In the Magistrate's recommendation, she states that she was furnished with the 18–volume transcript of the proceedings before the trial court as well as the briefs and the opinion filed in the direct appeal and that an evidentiary hearing was not required. The Court agrees.

## III. *Insufficiency of Evidence Claim.*

■ In his third ground for appeal, Tyler contends that he was denied due process when he was convicted on two assault counts where there was insufficient evidence to prove him guilty beyond a reasonable doubt. Tyler states that he amended his instant petition to include this claim, but that the Magistrate never discussed this claim. He points to portions of the transcript to show that there is not one time when the assailant stated that he wanted to rape the victims, and that neither girl said the assailant asked either of them to have sex or that the assailant fondled her in any way.

A review of the exhibits indicates that the motion to amend the petition to include the insufficiency of the evidence claim was filed on May 18, 1989, after the Magistrate gave the petitioner the opportunity to present a more complete statement regard-

ing some of the claims set out in his petition and amended petition. On June 20, 1989, the Magistrate then ruled on the issues contained in the petition filed July 19, 1988 and amended petition filed on August 31, 1988, but did not address the insufficiency of the evidence claim contained in the proposed petition. After the petitioner filed his exceptions to the Magistrate's recommendation, the district judge entered an order on July 12, 1989, adopting the Magistrate's report and recommendation, dismissing the habeas corpus complaint, denying as moot petitioner's motions for an order to take depositions by cassette and proceed with discovery, for an evidentiary hearing, for production and inspection, for leave to file interrogatories, for an order for appointment of counsel, for an order to impose sanctions, and then stated: "It is hereby further ordered that any other pending requests are denied as moot." On July 18, 1989, the petitioner filed a motion to vacate the judgment for the reason that the court failed to address the motion to amend. On that same date, Tyler filed his notice of appeal.

The district judge's denial of "other pending requests as moot" effectively denied Tyler's motion to amend his petition. Therefore, Tyler's claim that the assault convictions were not supported by substantial evidence was never before the district court. Tyler has not suggested that the district court abused its discretion in declining to allow him to amend his petition.

"Although a motion to amend should be freely granted when justice requires, the decision whether to grant such a motion is entrusted to the discretion of the trial court." *Littlefield v. City of Afton,* 785 F.2d 596, 609 (8th Cir.1986). Tyler's motion to amend to include the insufficiency of the evidence claim was not filed until May 18, 1989, almost one year after the original petition was filed. Tyler has offered no explanation for his failure to present the claim in his first pleading. The district court did not abuse its discretion in disallowing the amendment.

In addition, even if the Court were to find that the district court abused its dis-

cretion in declining to allow the petitioner to amend his petition, the Court would nevertheless find that the judgment dismissing the petition should be affirmed because Tyler's claim is nonmeritorious. In his motion for leave to file an amendment to the petition and amendment, Tyler merely states:

> The petitioner was denied due process in violation of the 5th and 14th Amendments to the United States Constitution because there was not sufficient evidence to prove that there was an intent to rape. (I rely on transcript 421, 1383, 1066–1169; 1355–1364, 1372–1470.)

Tyler was charged and convicted of two counts of assault with intent to commit rape without malice aforethought. The standard for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Haymon v. Higgins,* 846 F.2d 1145, 1146 (8th Cir. 1988). This Court previously quoted the facts which gave rise to the crimes charged from *State v. Tyler,* 622 S.W.2d 379 (Mo. App.E.D.1981). A review of those facts leads the Court to believe that there was more than sufficient evidence in this case to allow a rational trier of fact to find petitioner guilty of the crimes charged.

Based upon the foregoing, the Court finds that the judgment of the district court should be affirmed in all respects.