Rodney D. WILLIAMS, Appellant,

v.

A.L. LOCKHART, Director Arkansas Department of Corrections, Appellee.

No. 89-2620.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.
Decided Feb. 28, 1991.

John Barttlet, Jonesboro, Ark., for appellant.

William F. Knight, Little Rock, Ark., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Petitioner, Rodney D. Williams, was convicted by a jury of first degree murder and aggravated robbery in Arkansas state court in 1981 and was sentenced to life imprisonment. In 1985, petitioner's attorney, Larry P. Vaught, filed a petition for writ of habeas corpus in federal district court alleging that appellant's conviction was obtained by the use of a coerced confession and by the improper use of evidence of other crimes. The district court dismissed the petition without an evidentiary hearing. This decision was not appealed.

In 1986, Williams, acting pro se, filed his second habeas petition, asserting nine grounds for relief, one of which had been rejected on its merits in Williams' first habeas application. The district court dis-

missed the petition as a successive petition under Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts.[1] Based upon the guidelines set forth in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)[2], the district court denied the first ground for relief because it had been asserted in Williams' previous habeas petition and had been decided on the merits. The district court thereafter denied relief on the seven[3] new grounds, rejecting Williams' vaguely asserted argument that his first petition was filed without his knowledge or authorization. The court reasoned that Williams had been represented by competent counsel during his first habeas proceeding and concluded that Williams was imputed with the knowledge that his counsel possessed as to the new claims.

On appeal, this court affirmed the district court's dismissal of the first ground for relief, but reversed and remanded as to the seven newly asserted claims. Relying on *Jones v. Estelle*, 722 F.2d 159, 167 (5th Cir.1983) (en banc), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984), this court held that it would be unfair to dismiss Williams' new claims if the previous habeas petition had been filed and litigated without Williams' knowledge, participation, or authorization as Williams contended. This court then remanded the case to the district court for a factual determination of "whether Williams either expressly or impliedly authorized or ratified his trial attorney's efforts in connection with the previous habeas petition." *Williams v. Lockhart*, 862 F.2d 155, 160 (8th Cir.1988).

On remand, the magistrate determined that the first petition was filed with Williams' knowledge and participation and, accordingly, recommended that the petition be denied. The district court adopted the magistrate's report and recommendation and concluded that the newly asserted claims constituted an abuse of the writ.

■ Under 28 U.S.C. § 2244(b), "a subsequent application for a writ of habeas corpus ... need not be entertained by a [federal court] ... unless the court ... is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." The government has the initial burden of pleading an abuse of the writ. *Sanders, supra*, 373 U.S. at 17, 83 S.Ct. at 1078. Once the government has satisfied this burden, the petitioner "has the burden of answering that allegation and of proving that he has not abused the writ." *Williams, supra*, 862 F.2d at 159 (quoting *Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948)).

■ This court has stated that the habeas petitioner may meet his burden by showing that the newly asserted claim is based on facts or legal theories of which he had no knowledge when prosecuting his prior habeas petition. *Williams, supra*, 862 F.2d at 159. However, "when a petitioner was represented by competent counsel in a fully prosecuted petition, he cannot justify the omission of claims by asserting personal ignorance, because awareness of his potential claims is chargeable to his competent counsel and, therefore, to the petitioner." *Id.* (citing *Jones v. Estelle, supra*, 722 F.2d at 167).

---

1. Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts states:

   Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

2. In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court established criteria for the regulation of successive petitions:

   Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

   *Id.* at 15, 83 S.Ct. at 1077 (footnote omitted).

3. Williams' other new ground was considered by the district court on its merits and dismissed. Williams has now abandoned this claim.

**376**

■ The Supreme Court has held that the primary responsibility for deciding whether a successive petition should be entertained is with the district courts:

> The principles governing ... denial of a hearing on a successive application are addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits.

*Sanders, supra,* 373 U.S. at 18, 83 S.Ct. at 1079. Our standard of review on appeal is whether the district court abused its discretion in dismissing the petition as an abuse of the writ. *See Williams, supra,* 862 F.2d at 159.

Here, the record reveals that Williams' attorney stated at the evidentiary hearing before the magistrate that Williams had known about the first habeas corpus petition prior to the time it was filed. The record clearly establishes that Williams knew that his attorney was going to file a habeas petition and that he authorized his attorney to do so. Williams wrote a letter to his attorney prior to the filing of the petition in which he stated, "I'm writing you to let you know that you can proceed on putting my case in Federal Court. I've researched the transcript and come to find out you did your very best. You argued the best grounds. I'm sorry in delaying you so long, but if you decide to proceed, please let me know right away."

Furthermore, Williams' attorney testified that he had informed Williams that the failure to include all issues in the first petition would foreclose the possibility of raising these issues at a later time. The district court chose to credit this testimony over that of Williams. The court's determination that the first petition was filed with Williams' knowledge and participation is a *factual determination and cannot be disturbed* absent a finding that such determination is clearly erroneous. *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

Furthermore, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574, 105 S.Ct. at 1511. We cannot say that the district court's determination was clearly erroneous.

Accordingly, we conclude that the judgment of the district court denying Williams' second habeas petition was not an abuse of the district court's discretion. The judgment of the district court is affirmed.