Archie I. FLOYD, Jr., Petitioner–Appellant,

v.

George D. ALEXANDER, Warden, Respondent–Appellee.

No. 96–3698.

United States Court of Appeals, Sixth Circuit.

Submitted June 15, 1998.

Decided June 25, 1998.

Archie I. Floyd, Jr. (briefed), Orient, OH, pro se.

Charles L. Wille (briefed), Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before: MERRITT, BOGGS, and SUHRHEINRICH, Circuit Judges.

MERRITT, Circuit Judge.

*Pro se* petitioner Archie Floyd appeals the district court's dismissal of his second application for federal habeas corpus relief brought pursuant to 28 U.S.C. § 2254. For the reasons discussed below, we affirm the judgment of the district court.

In July 1987, Floyd pled guilty to one count of burglary and was sentenced to a term of five to fifteen years to run concurrently with a term imposed for parole violation. A little over a month later, the trial judge entered a nunc pro tunc order amending the sentence to a four to fifteen year term to run consecutively to the sentence for the parole violation. The trial judge entered the nunc pro tunc order to comply with Ohio Rev.Code Ann. § 2929.41(B)(3), which requires that a sentence for a new offense be served consecutively to a sentence for parole violation. The nunc pro tunc order was entered without resentencing petitioner Floyd in open court, in apparent violation of Ohio Criminal Rule 43. A sentence is considered void if it does not conform to the appropriate statutory requirements. The sentencing court, however, retains jurisdiction to reimpose a sentence after a void order and may do so by use of a nunc pro tunc entry. *State v. Calvillo,* 76 Ohio App.3d 714, 603 N.E.2d 325 (1991). Ohio Criminal Rule 43 requires the defendant's presence at any sentencing, including situations where the original sentence was amended or modified. *State v. Ranieri,* 84 Ohio App.3d 432, 434, 616 N.E.2d 1191, 1192 (1992); *Calvillo,* 76 Ohio App.3d at 717, 603 N.E.2d at 327; *State v. Bell,* 70 Ohio App.3d 765, 773, 592 N.E.2d 848, 853 (1990). Accordingly, the trial court apparently violated Criminal Rule 43(A) when it failed to reimpose Floyd's sentence in open court with Floyd present.

Floyd appealed to the Court of Appeals for the Tenth Appellate District, which remanded to the trial court for resentencing based on the failure of the trial court to inform Floyd of the effect on his guilty plea as a result of changing the sentences from concurrent to consecutive. *State v. Floyd,* No. 87AP–808, 1988 WL 76139 (Ohio App. 10 Dist. July 21, 1988). The Ohio Supreme Court, however, reversed and reinstated the trial court's nunc pro tunc order based on the authority of *State v. Johnson,* 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), which held that the voluntariness of a plea was not affected by the failure to inform the defendant that the court could order defendant to serve consecutive rather than concurrent sentences. *State v. Floyd,* 40 Ohio St.3d 164, 532 N.E.2d 734 (1988).

In 1989, Floyd filed his first federal habeas petition, arguing that his guilty plea was not knowing and voluntary because he did not understand the nature of the charge and the consequences of the plea due to the amendment of his sentences from concurrent to consecutive. The magistrate judge held that the voluntariness of Floyd's plea was not invalidated by the amendment of his sentence. Report and Recommendation, *Floyd v. Russell,* No. 3:89CV7500 (N.D.Ohio Mar. 12, 1990). The district court adopted the Report and Recommendation. Order (July 12, 1990). Floyd's appeal to the Sixth Circuit was dismissed as untimely because it was filed more than two years late. *Floyd v. Russell,* No. 92–3985 (Mar. 3, 1993).

Floyd filed a second federal habeas petition in 1996. Rule 9(b) of the Rules governing Section 2254 provides that after a previous decision on the merits a court may dismiss a second or subsequent petition for habeas relief if the petition fails to allege new or different grounds for relief from the previ-

ous petition or if the facts of the new claim were available to petitioner so that the claim could have been raised in a previous petition. *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). This rule is waived only when the petitioner can show both cause for and prejudice from failing to raise the claim previously or if a "fundamental miscarriage of justice" would result from failure to entertain the claim. *McCleskey v. Zant,* 499 U.S. 467, 494–95, 498, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The "fundamental miscarriage of justice" applies only where there is a colorable claim of actual innocence. *Kuhlmann v. Wilson,* 477 U.S. 436, 445, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

■ Floyd does not meet the requirements of Rule 9(b). In his second petition, Floyd alleges four grounds for relief, all concerning the invalidity of the nunc pro tunc order modifying his sentence from one with concurrent terms to consecutive terms: (1) the original sentence and judgment entry imposed in violation of the statute are void and invalid; (2) the nunc pro tunc judgment entry that misrepresents the sentence not pronounced in open court and not part of the record is invalid; (3) the nunc pro tunc entry and judgment are invalid where Floyd was not present for the resentencing and (4) where the journalized entry is invalid, the judgment imposed is also invalid. In a supplemental petition and in his briefs before this Court, Floyd raises two additional issues: (1) a challenge to his fully served 1979 conviction and sentence because the conviction was used to enhance this sentence and (2) the district court lacked jurisdiction to enter the nunc pro tunc judgment because a notice of appeal had already been filed.

The State correctly argues that the petition should be dismissed as an abuse of the writ because the issues are the same as those raised in the first petition. (Because this habeas application was filed in January 1996, it is reviewed under the standards in place before passage of the Antiterrorism and Effective Death Penalty Act of 1996.) In the first petition Floyd argued that his guilty plea was rendered involuntary by the trial court's subsequent modification of his prison sentence. The second petition merely states more specifically that Floyd's incarceration is unlawful because (1) the original sentencing order was invalid due to its imposition in violation of state statutory law and (2) the amended or nunc pro tunc order violated Floyd's due process rights because it was entered in his absence.

■ Even if we assume that the second petition raises claims distinct from the first petition, Floyd fails to demonstrate why the claims could not have been raised in his first petition. Floyd argues that he could not have raised the claims in the first petition because he had not exhausted his state remedies as to those claims and that the lack of exhaustion satisfies the "cause" and "prejudice" standard for entertaining a successive petition. Although this Circuit has not addressed this issue directly, we agree with the analysis presented by the district court and with those courts that hold that the fact that a claim is not exhausted does not justify the deliberate withholding of the claim from a federal habeas petition. *Herbst v. Scott,* 42 F.3d 902, 906 (5th Cir.1995); *Tyler v. Armontrout,* 917 F.2d 1138, 1140–41 (8th Cir. 1990); *Clanton v. Muncy,* 845 F.2d 1238, 1241 (4th Cir.1988); *McCorquodale v. Kemp,* 832 F.2d 543, 545–46 (11th Cir.1987). *But see Neuschafer v. Whitley,* 860 F.2d 1470, 1474–76 (9th Cir.1988) (omission of a claim from a prior petition because it was unexhausted may constitute cause to excuse abuse of the writ, but ruling made only with great reluctance because court bound by a prior decision). A contrary ruling would encourage multiple petitions raising similar issues filed successively over the period of a prisoner's incarceration—a waste of everyone's time, including prisoners, lawyers, prison officials and judges. Such claims should be consolidated in one petition and adjudicated at one time, not piecemeal over many years, as has too often been the case in the past. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

■ Furthermore, we do not find that a fundamental miscarriage of justice would result from our failure to consider Floyd's claims in his second petition. First, Floyd does not argue that he is actually innocent of

the crimes for which he is incarcerated. Second, while the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not rise to a "fundamental miscarriage of justice" or constitute a violation of procedural due process of law. Floyd has alleged a violation of a state law that is not cognizable in a federal habeas corpus proceeding.

As to Floyd's challenge to his 1979 conviction in his supplemental petition, Section 2254 and the rules governing it require the petitioner to be in custody or subject to future custody on the basis of the judgment attacked. The 1979 sentence has been fully served and Floyd is not in custody pursuant to that conviction. Accordingly, that claim is also without merit.

For the foregoing reasons we affirm the judgment of the district court.