# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2525

_____

Craig Trussell,                               *
                                              *
    Plaintiff - Appellant,                *
                                              *  Appeal from the United States
v.                                            *  District Court for the Western
                                              *  District of Missouri.
Michael Bowersox,                             *
                                              *
    Defendant - Appellee.                 *

_____

Submitted: January 9, 2006
Filed: May 9, 2006

_____

Before WOLLMAN, JOHN R. GIBSON, and ARNOLD, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Craig Trussell appeals from the denial of his petition for habeas corpus. He claims that the state sentencing court violated the terms of his plea agreement and his due process rights when it filed an amended sentence and judgment outside of his presence. The district court[1] dismissed his habeas petition as barred by the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(d)(1). In the alternative, the district court held that his petition failed on the merits. We affirm on the merits.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

# I.

On April 11, 2002, Trussell pled guilty in the Circuit Court of Platte County, Missouri to statutory rape in the first degree under Mo. Rev. Stat. § 566.032 and to three counts of statutory sodomy in the first degree under Mo. Rev. Stat. § 566.062. In his "Petition to Enter a Plea of Guilty," he stated that the government had agreed to recommend a "maximum cap of 15 years for all charges" and that Trussell would be able to present "any evidence to court for probation or less than 15 years cap." At the plea hearing, the court emphasized that regardless of this agreement, the determination of an appropriate sentence would be within the court's discretion and the statutory maximum sentence for the counts pleaded to was life imprisonment. Trussell told the judge that he understood and still wished to plead guilty.

Trussell's presentence report recommended that he be denied probation at the time of sentencing, but that he be placed in the Department of Corrections Sex Offenders Assessment Unit for a 120-day probation release callback under Mo. Rev. Stat. § 559.115. At sentencing, the government recommended that Trussell be sentenced to prison and, in the event the court considered probation, that it adopt the recommendation of the presentence report. Defense counsel asked the court to consider either the possibility of probation or participation in the sex offender unit. The court sentenced Trussell to 15 years' imprisonment on each count to run concurrently, with a 120-day probation release callback pursuant to § 559.115.

Some time after Trussell arrived at the Missouri Eastern Correctional Center, the Department of Corrections notified the court that Trussell was ineligible for assessment under § 559.115. That section provides, "Notwithstanding any other provision of law, probation may not be granted pursuant to this section to offenders who have been convicted of ... statutory rape in the first degree pursuant to section 566.032, RSMo; statutory sodomy in the first degree pursuant to section 566.062, RSMo." Mo. Rev. Stat. § 559.115. As these were the counts to which Trussell pled

guilty, the court entered a "First Amended Sentence and Judgment" removing the probationary release callback provision and amending the sentence to a straight prison term of 15 years. The judgment was entered July 30, 2002, and Trussell was served with it on November 21, 2002.

Trussell did not directly appeal from the amended sentence and judgment. Instead, he filed a motion to withdraw his guilty plea, which was denied by the state circuit court and the Missouri Court of Appeals. Later, Trussell filed state petitions for habeas relief at the circuit, appellate, and state supreme court levels, alleging that the amended sentence violated his plea agreement and that its entry outside of his presence was unlawful. While the circuit court ruled that his claims were procedurally barred, it also rejected both claims on the merits. The Missouri Court of Appeals and the Missouri Supreme Court summarily denied Trussell's petitions, prompting him to seek habeas relief with the federal district court on June 14, 2004, alleging the same claims. The district court found the petition to be untimely under the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1) and declined to equitably toll the limitations period. However, the court went on to conclude that even if the petition had been timely filed, it failed on the merits. The district court issued a certificate of appealability as to the timeliness of his petition as well as to the merits of his claims.

## II.

It is doubtful that Trussell filed his petition within the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act, even with the benefit of tolling during the course of his state post-conviction proceedings. See 28 U.S.C. § 2244(d). Moreover, it is also likely that, as the government contends and the state circuit court concluded, Trussell procedurally defaulted on his claims as a matter of Missouri law. See Missouri Supreme Court Rule 24.035; Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (en banc). Nonetheless, because neither the statute

-3-

of limitations nor procedural default constitutes a jurisdictional bar to our review, <u>Day v. McDonough</u>, --- S.Ct. ---, 2006 WL 1071410, *4 (April 25, 2006), we shall, in the interest of judicial economy, proceed to the merits of Trussell's petition.  <u>See</u> <u>Barrett v. Acevedo</u>, 169 F.3d 1155, 1162 (8th Cir. 1999) (en banc).

When considering a petition for habeas corpus, we review the district court's findings of fact for clear error and its conclusions of law de novo.  <u>Lyons v. Luebbers</u>, 403 F.3d 585, 592 (8th Cir. 2005).  To succeed under § 2254, a petitioner must show that the state court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

Trussell first argues that the opportunity to be considered for probation release pursuant to Mo. Rev. Ann. § 559.115 was a central term of his plea agreement and that by omitting that provision from his sentence the circuit court breached the agreement in violation of <u>Santobello v. New York</u>, 404 U.S. 257 (1971).  It is well-established that a breach of a plea agreement violates a defendant's due process rights. <u>United States v. Fowler</u>, --- F.3d ---, No. 05-2532, 2006 WL 987948, at *2 (8th Cir. April 17, 2006) (citing <u>Santobello</u>, 404 U.S. at 262).  However, the circuit court reviewing Trussell's state petition and the district court both concluded that his plea agreement did not contain a promise as to probation.  Whether a promise is made in the context of a plea agreement is a question of fact.  <u>United States v. Halford</u>, 948 F.2d 1054, 1056 (8th Cir. 1991).  Therefore, Trussell is only entitled to federal habeas relief if the state court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), which requires clear and convincing evidence that the state court's presumptively correct factual finding

lacks evidentiary support. 28 U.S.C. § 2254(e)(1); <u>Whitehead v. Dormire</u>, 340 F.3d 532, 539 (8th Cir. 2003).

Our review of the record likewise demonstrates that the plea agreement did not include a promise that Trussell would receive an opportunity for probation under § 559.115. Trussell's petition to enter a guilty plea states that the government had agreed to recommend a "maximum cap of 15 years for all charges," although Trussell would be able to present "any evidence to court for probation or less than 15 years cap." Trussell checked that no "officer or agent of any branch of government promised or suggested" that he would "receive a particular sentence or probation or any other type of leniency" if he pled guilty. Trussell also checked that he understood that his sentence was "totally under the control of the Judge and that he can completely disregard the Prosecuting Attorney's recommendations" and that "you don't have a right to probation and whether or not you get probation is up to the Judge and no one else." At the plea hearing, the judge inquired into the voluntariness of Trussell's plea and assured that he understood these terms as well as the fact that the maximum sentence for the counts pleaded to was life imprisonment. Trussell stated that he understood and said that he still wished to plead guilty. There is thus no indication from Trussell's petition to plead guilty or the plea hearing that he was promised an opportunity for probation pursuant to § 559.115. While the sentencing court was mistaken in sentencing Trussell pursuant to § 559.115 without verifying his eligibility under the statute, the subsequent removal of this opportunity for a probation release callback did not breach his plea agreement in violation of <u>Santobello</u>.

Trussell also contends that he had a due process right to be present when the judge issued the amended sentence and judgment, citing <u>Faretta v. California</u>, 422 U.S. 806 (1975). The state circuit court rejected this claim on the ground that because Trussell was ineligible for probation under § 559.115, the 120-day probation release callback was "surplussage," and the court did not even need to enter an amended

judgment. The district court concluded that since probation is not a sentence under Missouri law, the amended sentence and judgment was not a "re-sentencing" but simply the correction of a mistake, so there was no need for Trussell's presence.

To secure habeas relief on this claim, Trussell must show that the circuit court's decision was "contrary to clearly established federal law," in that its decision contradicted applicable Supreme Court precedent in reasoning or result. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405 (2000); Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam). We are persuaded that the circuit court's decision was not contrary to the Supreme Court's clearly established due process jurisprudence. The Supreme Court has held that a defendant has a due process right to be present "'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge'" and when "'a fair and just hearing would be thwarted by his absence.'" Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934)). For example, the Court has held that the revocation of parole or probation without an opportunity to be heard violates due process in light of the need to "assure that the finding of a ... violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [petitioner's] behavior." Morrissey v. Brewer, 408 U.S. 471, 483-84 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973). However, the Court has also concluded that "this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow.'" Stincer, 482 U.S. at 745 (quoting Snyder at 106-07).

These cases have not clearly established that due process requires a defendant to be present for the non-discretionary correction of a mistake in a judgment that does not increase the term of imprisonment or revoke a grant of probationary status. Trussell's amended judgment merely removed a provision that gave him an opportunity to be considered for probation release after being assessed by the

Department of Corrections, an opportunity for which he was statutorily ineligible and which the Department of Corrections could not have granted. There is no indication that Trussell's absence thwarted the fairness and justice of the amended sentence because the change was not a matter within the court's discretion and did not require any factual determinations. Trussell makes no claim that he could have raised any arguments before the sentencing court that could have changed the ultimate amended sentence and judgment, thereby distinguishing his situation from those in which the Supreme Court has found presence or a hearing constitutionally required. See Morrissey, 408 U.S. at 483-84; Scarpelli, 411 U.S. at 781-82. In a similar case, the Sixth Circuit rejected a right to presence claim by a state prisoner who was mistakenly sentenced to concurrent terms of imprisonment and whose sentence was later changed to consecutive terms in his absence. The court held that the petitioner had not shown that this rose to the level of a violation of procedural due process meriting federal habeas relief. Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir. 1998). We conclude that in these circumstances it was not contrary to clearly established federal law, as determined by the Supreme Court, for the circuit court to conclude that the sentencing court could correct the legal defect in Trussell's judgment outside of his presence.

For the above reasons, we affirm the district court's decision to deny Trussell's habeas petition.

_____