**Sidney HAMILTON, Appellant,**

v.

**Jimmy JONES, et al., Appellees.**

**No. 89–2541EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1990.

Decided July 3, 1990.

Robert C. Cook, St. Louis, Mo., for appellant.

Patrick King, Jefferson City, Mo., for appellees.

Before McMILLIAN, FAGG, Circuit Judges, and STROM,* District Judge.

FAGG, Circuit Judge.

Sidney Hamilton, a Missouri prisoner, appeals from a district court order dismissing his second petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988).

---

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

Hamilton claimed in his petition that *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), should apply retroactively to his state prosecution. The only issue before the court on this appeal is whether the district court committed error in dismissing the petition because Hamilton's direct appeal was concluded when the Supreme Court decided *Batson*. We reverse and remand for further proceedings.

 The rule announced in *Batson v. Kentucky* applies retroactively to state criminal cases pending on direct appeal or not yet final when *Batson* was decided. *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661 (1987). A state criminal prosecution becomes final under this rule when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed." *Id.* at 321 n. 6, 107 S.Ct. at 712 n. 6, 93 L.Ed.2d at 657 n. 6.

▮ For Hamilton, "the availability of appeal [was] exhausted," *id.*, on March 25, 1986, when the Missouri Supreme Court denied his application for transfer from the Missouri Court of Appeals and entered judgment. *State v. Hamilton*, No. 67854 (Mo. Mar. 25, 1986); *see also State v. Hamilton*, 705 S.W.2d 60 (Mo.Ct.App.1985) (Missouri Court of Appeals denial of motion for rehearing and application for transfer to Missouri Supreme Court); Mo.R.Crim.P. 30.27 (incorporating Mo.R.Civ.P. 83.03 provision that Missouri Supreme Court may order transfer after application for transfer is denied by Missouri Court of Appeals). Thus, Hamilton's time to file a petition for certiorari did not elapse until May 24, 1986. *See* Sup.Ct.R. 20.1, 468 U.S. 1253 (1984); *id.* 20.4, 445 U.S. 1006–07 (1980); *Hamilton*, No. 67854 ("judgment of [Missouri] Supreme Court[ ] entered ... March [25,] 1986"). Because Hamilton's case was not yet final on April 30, 1986, when the Supreme Court decided *Batson*, the district court mistakenly dismissed Hamilton's petition on the ground "[his] direct appeal was concluded prior to the *Batson* decision."

We reverse the district court's order dismissing Hamilton's habeas corpus petition and remand for further proceedings.