789 F.Supp. 299 (1992)
Sidney HAMILTON, Petitioner,
v.
Jimmy JONES, Respondent.
No. 89-0132C(6).
United States District Court, E.D. Missouri, E.D.
April 20, 1992.
*300 Robert Cook, Moser & Marsalek, St. Louis, Mo., for petitioner.
Ronald Jurgeson, Asst. Missouri Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the Report and Recommendation of the Honorable Carol E. Jackson, United States Magistrate Judge, in which she recommends that Sidney Hamilton's petition for a writ of habeas corpus and motion for judgment on the pleadings be conditionally granted and that the writ issue in the event that the State of Missouri fails to begin proceedings to retry the petitioner within a reasonable time after the district court's final determination of this matter. Respondent objects to the Magistrate Judge's report and recommendation, namely relying on the previously filed supplemental response to the Court's show cause order in which respondent raises the defenses abuse of the writ, procedural default and collateral application of a new rule of law.
In 1984, petitioner Sidney Hamilton and his codefendant David E. Walton were convicted in state court of first degree robbery and armed criminal action. State v. Hamilton, 705 S.W.2d 60, 61 (Mo.Ct.App.1985); Walton v. Caspari, 916 F.2d 1352, 1354 (8th Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1337, 113 L.Ed.2d 268 (1991) (Walton additionally convicted of first degree tampering). This is Hamilton's third petition for habeas corpus relief. See Hamilton v. Armontrout, No. 86-1481C(B) (dismissed without prejudice); Hamilton v. Armontrout, No. 87-0668C(4). The ground for relief advanced in this petition, the prosecution's exercise of its peremptory challenges to exclude fourteen of the fifteen African-American venirepersons, was raised in a previous petition and denied on the merits. On appeal, the Eighth Circuit summarily affirmed the district court, concluding the appeal was without merit. Hamilton v. Jones, 845 F.2d 1027 (8th Cir. 1988).
Hamilton's current petition is before the Court on remand from the Eighth Circuit. This Court had dismissed the petition, relying on Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) which holds that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) does not apply to convictions that became final before the Batson decision. On appeal, the Eighth Circuit reversed, concluding that Hamilton's conviction did not become final before the Supreme Court decided Batson.
In the interim, the Eighth Circuit decided Walton v. Caspari, 916 F.2d 1352 (8th Cir. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1337, 113 L.Ed.2d 268 (1991), which holds that the exact prosecutorial conduct that Hamilton takes issue with in this petition entitles Hamilton's codefendant to habeas corpus relief. In Walton, the court relies on pre-Batson case law because Walton's conviction became final prior to the Batson decision.
Before the Court now is the Magistrate Judge's recommendation that because this case questions the same jury selection process that the Eighth Circuit found tainted, Hamilton is entitled to the relief he seeks. Although the Magistrate Judge did not address respondent's assertions of abuse of the writ, procedural default, and collateral application of a new rule of law, the Court concludes that consideration of those matters does not affect the Magistrate Judge's ultimate recommendation.
The Court may refuse to entertain a petition for habeas corpus when it raises a ground advanced in a prior petition *301 and denied on the merits, if "the ends of justice would not be served by reaching the merits of the subsequent application." Williams v. Lockhart, 862 F.2d 155, 157 (8th Cir.1988). An intervening change in the law along with a probability of factual innocence may demonstrate that the ends of justice warrant consideration of petitioner's successive petition. Byrd v. Delo, 917 F.2d 1037, 1041 n. 4 (8th Cir.1990). The law as it pertains to this particular set of facts has obviously changed since petitioner's prior requests. Furthermore, there is a probability of petitioner's factual innocence because "racial discrimination in the selection of jurors `casts doubt on the integrity of the judicial process' ... and places the fairness of a criminal proceeding in doubt." Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 1371, 113 L.Ed.2d 411 (1991) (quotations omitted). The Court may overlook the prior petitions and consider the merits of this petition.
Similarly, respondent's contention that Hamilton procedurally defaulted on this claim because he did not advance an equal protection challenge in state court is without merit. Even if a habeas petitioner does not raise a claim in a state petition, the state court's citation to a single case may indicate that it was aware of another federal constitutional basis for challenge and that its decision considers that basis. Walton, 916 F.2d at 1356. In Walton's appeal, the Eighth Circuit concludes that citations to equal protection cases in the Missouri Court of Appeals opinion, in conjunction with the Missouri Supreme Court's denial of a motion to transfer, are sufficient to permit federal habeas review. Id. at 1356-57. The court did not distinguish between equal protection challenges raised under Swain or Batson. See id. On appeal from petitioner's conviction, the Missouri Court of Appeals apparently considers an equal protection challenge to the prosecutor's use of his peremptory challenges because it quotes at length from that section of the Swain decision discussing the Fourteenth Amendment. Hamilton, 705 S.W.2d at 63. This issue is not procedurally barred.
Finally, respondent asserts that new rules, such as the one introduced in Batson, generally cannot be applied on collateral review. This position is also without merit. In granting relief to Hamilton's codefendant, the Eighth Circuit does not rely on Batson but rather finds under Garrett v. Morris, 815 F.2d 509 (8th Cir.), cert. denied, 484 U.S. 898, 108 S.Ct. 233, 98 L.Ed.2d 191 (1987), a case which relies exclusively on Swain, that Walton is entitled to habeas relief. Furthermore, the Eighth Circuit, relying on Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), specifically instructed this Court that Batson can be applied to petitioner's claim. Hamilton v. Jones, 907 F.2d 807 (8th Cir.1990).
Accordingly, the Court may consider the merits of petitioner's claim and on that issue, the Court finds that the Report and Recommendation should be adopted.

ORDER
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation is sustained, adopted and incorporated herein.
IT IS FURTHER ORDERED that the Petition of Sidney Hamilton for a writ of habeas corpus is conditionally granted and that the writ issue in the event that the State of Missouri fails to begin proceedings to retry the petitioner within a reasonable time after this decision becomes final.
IT IS FURTHER ORDERED that petitioner's motion for judgment on the pleadings is denied.