**Marco Antonio DAMIAN, Petitioner—Appellant,**

v.

**T.E. VAUGHN, Warden, Respondent—Appellee.**

No. 04–56725.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 8, 2006.

Filed June 21, 2006.

Marco Antonio Damian, Blythe, CA, pro se.

David J. Zugman, Esq., San Diego, CA, for Petitioner—Appellant.

Garrett Beaumont, Esq., AGCA—Office of ·the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: REINHARDT and TROTT, Circuit Judges, and ROBART,* District Judge..

## MEMORANDUM **

Marco Damian appeals the district court's denial of his habeas petition. We affirm in part, but reverse and remand for issuance of the writ with respect to his conviction for second degree murder.

In 1991, Damian was tried on six counts: one count of murder in the second degree, two counts of assault with a firearm, two counts of shooting at an inhabited dwelling, and one count of shooting at an unoccupied vehicle. Damian was at times a passenger in the car involved and at times

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the driver, although it was agreed that he was not the person who fired the shots from the moving vehicle. At trial, Damian was found guilty, on an aiding and abetting or conspiracy theory, of second degree murder, of shooting at an unoccupied vehicle, and of one count of shooting at an inhabited dwelling. He was acquitted of the other count of shooting at an inhabited dwelling and of one count of assault; the other count of assault was reduced to a charge of brandishing a deadly weapon, and he was convicted of that lesser charge. His convictions were subsequently reversed due to the admission of an involuntary confession. Damian was retried in 1994, on the basis of a second amended information, charging only those four offenses of which he had been convicted; this time, he was found guilty as to all four. His conviction was again reversed, however, due to the erroneous admission of the confession. In 1996, Damian was tried a third time. At the third trial, the prosecution mistakenly used the first information, which included all six original counts. The jury found Damian guilty of all six. At sentencing, the trial court discovered the problem and struck the convictions on the counts of which Damian had previously been acquitted.

Damian appealed, claiming that his third trial was tainted by the inclusion of the charges of which he had been acquitted and that his double jeopardy and due process rights were violated as a result. He also contended that his counsel was ineffective for failing to raise the issue of double jeopardy at the third trial. Applying the harmless error standard in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the state court rejected these claims on the ground that, because the evidence presented at trial would have been the same and the court had struck the jeopardy-barred convictions and sentences, Damian had suffered no prejudice. Damian now raises his claims in his federal habeas petition.[1]

The clearly established federal law applicable to this case is *Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986), in which the Supreme Court held that when an unbarred offense is tried with a jeopardy-barred charge, "a new trial is required only when the defendant shows a reliable inference of prejudice."[2] *Id.* at 246, 106 S.Ct. 1032. In

---

1. Contrary to the state's argument, *Day v. McDonough*, — U.S. ——, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), does not require that we dismiss the petition as untimely filed. The district court noted that the petition was untimely, but that the state had waived the statute of limitations defense, and that it was barred under the then-existing law of this circuit from dismissing the petition *sua sponte*. Because the district court did not state that it would have dismissed the petition if it had the authority, and because *Day* merely permits but does not require courts to dismiss petitions *sua sponte, see id.* at 1684, we are not precluded from reaching the merits of Damian's claim. *See Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006) (concluding that even though the petition filed was likely untimely, "[n]onetheless, because neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review, we shall, in the interest of judicial economy, proceed to the merits of [the petitioner's] petition") (citing *Day*, 126 S.Ct. at 1681).

2. Under AEDPA, this court may grant habeas relief only when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). Although the state court incorrectly applied *Chapman* instead of *Morris*, that is not enough to conclude that its decision was "contrary to federal law." The Supreme Court has held that if a state court

other words, the error will be deemed reversible only when the defendant can demonstrate a "reasonable probability that he would not have been convicted of the nonjeopardy-barred offense absent the presence of the jeopardy-barred offense." *Id.* at 246–47, 106 S.Ct. 1032 (citing *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for the proposition that a " 'reasonable probability' is a probability sufficient to undermine confidence in the outcome").

■ To obtain a conviction of second degree murder—as distinguished from manslaughter—the state was required to prove that Damian's conduct was sufficient to demonstrate malice. The state argued at Damian's third trial that the required element of malice could be implied from Damian's participation in an escalating criminal "rampage," of which the natural and probable consequence was murder. In doing so, it repeatedly referred to and relied heavily upon the charges of assault. Had the jeopardy-barred charges of assault[3] been properly excluded from the third trial, the state would have been precluded from making its primary argument. While it may be possible to infer implied malice in the context of assault, an offense that requires the intent to commit violent injury, it is much more difficult (if not impossible) to infer malice from the offense of brandishing a deadly weapon, which entails only the drawing or exhibiting of a deadly weapon in a "rude, angry, or threatening manner." *Compare* Cal. Pen.Code § 240 (assault) *with* Cal. Pen. Code § 417 (brandishing a weapon). Without the jeopardy-barred counts of assault, there is a reasonable probability, sufficient to undermine our confidence in the outcome, that the state would not, on the record it made, have been able to prove the necessary element of malice and that Damian would not have been convicted of second degree murder.

■ Because the state court considered only whether the same underlying evidence would have been admissible absent the presence of the jeopardy-barred counts and failed to recognize the critical role of the jeopardy-barred assault charges in supporting the finding of implied malice, we further determine that its conclusion that there was no double jeopardy violation with respect to the murder conviction was contrary to the reasoning and result required by federal law. In contrast, there is not a reasonable probability that Damian would not have been convicted of the three lesser counts that were not ultimately set aside; therefore, we affirm the district court's denial of the habeas petition in part and reverse and remand only with respect to his conviction for second degree murder.

Although counsel's failure to raise the issue of double jeopardy clearly constituted deficient conduct under *Strickland,* we need not reach Damian's ineffective assistance of counsel claim, given our reversal

---

fails to cite, or even to be aware of, the proper controlling Supreme Court cases, its decision will not be held contrary to federal law "so long as neither the reasoning nor the result of the state-court decision contradicts [those cases]." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); *see also Fulcher v. Motley,* 444 F.3d 791, 805 (6th Cir.2006) (holding that although a state court's failure to cite applicable Supreme Court precedent is not dispositive, a reviewing federal court must determine if the state court's decision is "contrary to the reasoning and the result that federal law required"). Thus, it is the incompatibility of the state court's decision with *Morris* that requires the issuance of the writ here.

3. *See Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970) (holding that acquittal of a greater charge is implied upon conviction of a lesser charge).

in part on the basis of double jeopardy and our conclusion that Damian could not demonstrate prejudice as to the counts on which we affirm the district court's denial of his petition. Accordingly, we affirm the district court's denial of Damian's habeas petition in part, and reverse and remand for issuance of the writ with respect to the conviction for second degree murder.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**