**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO DAMIAN, | No. 14-55533 |
| Petitioner - Appellant, | D.C. No. 8:13-cv-00810-AHS-DFM |
| v. | |
| J. TIM OCHOA, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted June 6, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and BENNETT,** Senior
District Judge.

This case stems from Marco Damian's fourth trial in state court for murder

after we previously granted habeas relief following his third trial. In his third trial,

Damian was tried and convicted of several counts on which he had previously been

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Mark W. Bennett, Senior District Judge for the U.S.
District Court for the Northern District of Iowa, sitting by designation.

acquitted as well as charges that were not barred by the Double Jeopardy Clause. The trial court realized the error at sentencing, and struck the jeopardy-barred convictions. In his previous habeas petition, Damian claimed that striking the convictions was inadequate because the presence of the jeopardy-barred charges tainted his trial. Instead of merely striking the improper charges, Damian claimed, the state courts should have granted him a new trial. In our prior decision, we held that there was a "reasonable probability" that Damian would not have been convicted of second-degree murder if not for the presence of the jeopardy-barred charges, and we ordered that the writ issue with respect to that conviction. *Damian v. Vaughn* ("Damian I"), 186 F. App'x 775, 778 (9th Cir. 2006). Subsequently, Damian was retried on the murder count and convicted. Following his appeals in state court, he filed a federal habeas petition which was denied by the district court, and then filed this timely appeal. We affirm.

1. Damian first argues that the retrial of the second degree murder charge was barred by double jeopardy and the full faith and credit clause because this court previously determined that there was a double jeopardy violation with respect to his murder conviction and thus, he could not be retried for murder. Damian's argument is based on a fundamental misreading of this court's prior decision. The issue in *Damian I* was not whether the murder charge was barred by double

2

jeopardy, but rather whether the presence of jeopardy-barred charges during Damian's third trial constituted reversible constitutional error that required a new trial (as opposed to merely striking the sentences for the jeopardy-barred claims). *See, e.g.*, *id.* at 777 ("[W]hen an unbarred offense is tried with a jeopardy-barred charge, *a new trial is required* only when the defendant shows a reliable inference of prejudice.") (internal quotations omitted) (emphasis added).

Damian's reliance on *Evans v. Michigan*, 133 S. Ct. 1069 (2013) in support of his argument is misplaced. In that case, the Supreme Court found that a defendant's retrial following an acquittal (even if an erroneous acquittal) is barred by double jeopardy. *Id.* at 1078. Here, Damian has never been acquitted of the murder charge, nor did we previously determine that the evidence in his prior trial was legally insufficient for a conviction. Accordingly, the retrial of Damian for second degree murder was consistent with our prior memorandum disposition and did not violate his constitutional rights.

2. Damian next argues that the trial court violated his constitutional rights by allowing the prosecution to introduce evidence regarding the jeopardy-barred charges at trial. Specifically, Damian objects to testimony to the effect that (1) one of his companions threatened a man with a gun, and (2) someone in his car shot at two houses. Damian contends that the district court should have excluded any

3

testimony about the second house shooting (because he had been acquitted of that charge) and instructed the government witnesses to testify simply that one of his companions "displayed the gun" to someone and they then "drove on" (because he had been convicted only of a brandishing charge). This claim is contrary to clearly established Supreme Court precedent.

In *Dowling v. United States*, the Supreme Court held that the introduction of otherwise admissible evidence related to jeopardy-barred offenses does not violate due process or the double jeopardy clause. 493 U.S. 342, 348–50 (1990). Damian acknowledges this precedent. He claims instead that "[t]he fact that the trial court had authority to admit evidence about the jeopardy-barred counts leading up to the shooting . . . does not mean that it ruled correctly in allowing this evidence." He then claims that the evidence was erroneously admitted because (1) it conflicted with *Damian I* which purportedly "disapproved of the use" of this evidence, and (2) its admission violated California evidence law. His first argument misreads our prior disposition, in which we said nothing about whether evidence related to the jeopardy-barred offenses could be introduced at a subsequent trial, but merely held that the inclusion of the *charges themselves* prejudiced the jury. His second argument relies on an interpretation of state evidentiary law which the California

4

Court of Appeal rejected. It is therefore not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 71 (1991).

3. Damian has briefed two uncertified issues: (i) that the state violated his constitutional rights by failing to inform the jury that he had been acquitted of several counts, as required by state law, and (ii) that California courts violated due process and fundamental fairness by allowing this case to go to trial for a fourth time. We hold that the standard for expanding a certificate of appealability has not been met, *see Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013), and thus decline to consider the two uncertified issues.

**AFFIRMED.**